UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN HERNANDEZ, | 1: 07 CV 00266 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 10] |
| KEN CLARK, WARDEN, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On November 1, 1994, Petitioner was convicted of possession of a firearm by a felon. Special allegations that Petitioner had sustained two prior felony convictions and had served a prior prison term were found true.  The court sentenced Petitioner to an indeterminate state prison term of

1  twenty six years to life.
2       Petitioner filed a direct appeal and on March 3, 1997, the Court of Appeals for the Fifth
3  Appellate District affirmed the judgment.  Petitioner sought review in the California Supreme Court,
4  which the court denied on May 28, 1997.
5       Petitioner subsequently filed the following two pro pe post-conviction challenges:
6  First Petition
7       February 11, 1998: Petition for writ of habeas corpus filed in California Supreme Court
8       July 29, 1998:   Petition denied
9  Second Petition
10      June 21, 2006: Petition for writ of habeas corpus filed in California Supreme Court
11      January 17, 2007: Petition denied, citing, inter alia, In re Robbins, 18 Cal.4th 770, 780
12      (1998).
13 Petitioner filed the present action on February 20, 2007.

**LEGAL STANDARDS**

JURISDICTION

   Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

1  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the
2  AEDPA, thus it is governed by its provisions.

3  STANDARD OF REVIEW

4      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
5  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
6  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

7      The AEDPA altered the standard of review that a federal habeas court must apply with
8  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
9  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will
10 not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
11 involved an unreasonable application of, clearly established Federal law, as determined by the
12 Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
13 determination of the facts in light of the evidence presented in the State Court proceeding." 28
14 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
15 Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120
16 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court
17 concludes in its independent judgment that the relevant state-court decision applied clearly
18 established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather,
19 that application must be objectively unreasonable." Id. (citations omitted).

20     While habeas corpus relief is an important instrument to assure that individuals are
21 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
22 Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
23 conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
24 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
25 determinations must be presumed correct, and the federal court must accept all factual findings made
26 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
27 convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
28 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations. Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the Court of Appeal entered its opinion affirming the judgment on March 3, 1997, and California Supreme Court denied review on May 28, 1997. The state appeal process thus became "final" within the meaning of Section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on August 26, 1997. Supreme Court Rule 13, Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The one-year statute of limitations began running the following day - - August 27, 1997. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)). Thus, absent tolling, the last day to file a federal petition was August 26, 1998.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).

In this case, Petitioner filed his first post-conviction petition in state court on February 11, 1998. At that time, 169 days of the limitations period had expired. Respondent concedes that Petitioner is entitled to tolling for the period of February 11, 1998, through July 29, 1998, when the first petition was denied. Respondent argues, and this court must agree, that with the benefit of this statutory tolling, the statute of limitations expired on February 11, 1999. Petitioner did file a second collateral challenge on June 21, 2006, but this was filed long after the limitations period expired.

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

1   Because the limitations period had already expired, the collateral challenge had no tolling
2   consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to
3   tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256
4   (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).   Thus, absent equitable
5   tolling, the present petition, filed February 20, 2007, is untimely.

6          The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
7   prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S.
8   Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107
9   F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.
10  United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds*
11  *by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that
12  "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if
13  'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on
14  time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to
15  file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
16  Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at
17  1288-1289.

18         In this case, Petitioner admits that his petition is untimely, but argues that he is entitled to
19  equitable tolling based on actual innocence.  Neither the Supreme Court nor the Ninth Circuit has
20  addressed whether there is an actual innocence exception to a violation of section 2244(d)'s
21  limitation period.  The Ninth Circuit has only excused a violation of the limitations period in cases
22  where the petitioner was entitled to equitable tolling. See, Calderon v. United States Dist. Court
23  (Beeler), 128 F.3d 1283, 1287-89 (9th Cir. 1997).

24         Even if the court were to conclude that an actual innocence exception to a violation of the
25  limitations period existed, Petitioner has not met the standard for actual innocence.  Petitioner must
26  show that the alleged constitutional error "has probably resulted in the conviction of one who is
27  actually innocent." Bousley v. United States, 118 S.Ct. 1604, 1611 (1998), *quoting*, Murray v.
28  Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).   Petitioner must demonstrate that in light

of the evidence no reasonable juror would have found him guilty. Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 867-68 (1995). Petitioner presents no such evidence.

As there exists no circumstances sufficient to justify equitably tolling the limitations period, the petition is untimely and must be dismissed.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;

2) A certificate of appealability is DENIED;

3) This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

4) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 10, 2008**          /s/  William M. Wunderlich
                                    UNITED STATES MAGISTRATE JUDGE